BARNETT vs. PARDOW.

———

Where a commission to examine witnesses has not been returned, it will be necessary to make an application to the court to extend the time for closing the proofs: otherwise, they can be closed as in ordinary cases.

———

THIS cause had been set down upon the calendar by the defendant. He had entered the usual order for closing the proofs on the fifteenth day of March, 1831: although a commission to examine a witness in England, on the part of the complainant, had not been returned.

*May* 19, 1831.

*Practice.*

*Commission.*

Mr. *O'Connor*, as counsel for the defendant, after proving service of notice of hearing upon the complainant's solicitor, moved the court to dismiss the bill; and took his order accordingly.

On a subsequent day, Mr. *J. Radcliff*, as counsel for the complainant, moved the court, upon affidavit, that the before mentioned order for closing the proofs and also the decree by default should be set aside or vacated, with costs, or for such other order as the court should see fit to make. This motion was opposed by Mr. *O'Connor*.

*June* 14.

THE VICE-CHANCELLOR: The practice under the 69th Rule of the court, relating to commissions for taking testimony has been considered and settled by the chancellor, who has favored me with a copy of his opinion, which it is only necessary to read:

*June* 27.

"By the English practice, a commission to examine witnesses "abroad, appears to be granted on a special application and on "good cause shown; and terms are generally imposed upon the "parties to prevent delay. Under our statute, the commission "appears to be a matter of course; and I have understood the "practice to be, that the party wishing time, to obtain the exami-

"nation of witnesses abroad, must apply and show good reasons, " and get an order to extend the time for closing the proofs. Re- "peated applications of that kind have been made since I came "into the court. Indeed, it would be productive of great mis- "chief and the commission would frequently be used for the "mere purpose of delay, if a party could stay the closing of the "proofs as a matter of course by issuing a commission under the "79th, 80th, and 81st sections of the statute, and the 69th rule. " Although notice of the application to the register or clerk is "given, that is merely for the purpose of giving the adverse party " an opportunity to join in the commission or to name commis- " sioners. He has no power, under the rule, to judge of the "necessity of issuing a commission or to fix the time within which "it shall be returned or to impose any other terms to prevent its " being used for the mere purpose of delay. The 87th section of " the statute, in conformity to which the 68th rule was framed, is "general; and the rule applies to all proofs taken in chief in the "cause before hearing, whether on commission or before an exa- "miner. If time is necessary, the party can apply directly to the " court under the 71st rule, as a case not provided for by the " preceding rules; and then the court can judge of the propriety " of delaying the cause and extend the time to close the proofs, " and impose terms, if necessary."

It, therefore, appears, that the complainant should have applied for an order to enlarge the time for closing the proofs; and as he did not do so, the proceedings of the defendant are to be considered regular.

I must deny the motion, with costs.